# Supreme Court of Florida

_____

No. SC15-497

_____

**IN RE:  AMENDMENTS TO THE FLORIDA RULES OF JUDICIAL ADMINISTRATION—NEW RULE 2.340.**

[September 10, 2015]

PER CURIAM.

The Court, on its own motion, adopts new Florida Rule of Judicial Administration 2.340 (Judicial Attire) to govern judges' attire during judicial proceedings.[1]  The demeanor of judges in a public courtroom, including the attire they wear there, is a crucial indicator of the seriousness of the judicial office and of the proceedings.  In this regard, this Court has a major responsibility to provide leadership and direction to advance the judicial branch's ongoing effort to enhance public trust and confidence in the third branch of government.  As part of this responsibility, we adopt new rule 2.340 to provide guidance to Florida's judges and emphasize that the attire worn by judges during judicial proceedings must

---

1. See Fla. R. Jud. Admin. 2.140(d).

promote public trust and confidence in the proceedings and the judicial system as a whole.[2]

Prior to adopting the new rule, the Court published notice that it was considering adopting a rule to govern judges' attire during judicial proceedings, specifically seeking comments from the Rules of Judicial Administration Committee and the conferences of judges. The Court received eight comments.

The Conference of County Court Judges has no comment on the rule. The Conference of Circuit Court Judges reports that it takes no position on the rule because of a lack of clear direction from the membership, some of whom support the rule and some of whom object to it. The Conference of District Court of Appeal Judges does not see a need for the rule and is unaware of "any inappropriate circumstances which it believes would be curtailed by the rule." The Rules of Judicial Administration Committee agrees the new rule is appropriate and within the Court's purview. Other commenters question the need for the rule or its application. Some commenters express concern that the Court does not trust judges to dress appropriately or otherwise exercise good judgment.

After considering the comments and reflecting on this Court's responsibility to provide clear direction when needed to promote public trust and confidence in

---

2. We have jurisdiction. See art. V, § 2(a), Fla. Const.

the judicial branch, we adopt new rule 2.340, as published for comment, to provide that "[d]uring any judicial proceeding, robes worn by a judge must be solid black with no embellishment."[3]

In adopting the new rule, we want to assuage any concern that this Court does not have confidence in Florida's judges. To the contrary, this Court holds the judges of this state in the utmost esteem and is confident the vast majority of judges fully fulfill their ethical responsibilities to respect and honor the judicial office they hold, and to present and conduct themselves in a manner that promotes trust and confidence in our judicial system. See Fla. Code of Jud. Conduct, Preamble (recognizing that "intrinsic to all sections of [the Code of Judicial Conduct] are the precepts that judges, individually and collectively, must respect and honor the judicial office as a public trust and strive to enhance and maintain confidence in our legal system"). Our Code of Judicial Conduct recognizes that as the "arbiter of facts and law for the resolution of disputes," Florida's judges are the face of the judicial branch of government. And, as such, judges must conduct themselves accordingly, both in their actions and their appearance. Id.

---

3. Cf. Ala. R. Jud. Admin. 22 (requiring judges to wear suitable black robes during judicial proceedings); Alaska R. Admin. Cts. 21 (requiring judges to wear a suitable black robe while presiding in public session of court); Cal. R. Ct. 10.505 (governing style of black robes worn by judges in open court, as prescribed by statute); Wis. Sup. Ct. R. 62.02 (requiring judges to wear black robes while presiding from bench).

(recognizing the judge as "a highly visible symbol of government under the rule of law"). When a litigant appears in court, it is the presiding judge who sets the tone of the proceedings, puts those in attendance at ease, and maintains order and decorum throughout the proceedings, all of which establishes confidence in the legal process.

Consistent with the overarching precept of the Code of Judicial Conduct that judges, individually and collectively, must promote trust and confidence in the judicial system, it is the policy of the judicial branch and of this Court to develop strategies to promote public trust and confidence in the judiciary. In fact, the long-range strategic plan for the Florida judicial branch approved by this Court includes, as one of its "long-range issues"[4] and core tenets, the enhancement of public trust and confidence in the judicial branch:

> **Long-Range Issue #5—Enhancing Public Trust and Confidence**
>
> Public trust and confidence in the judicial branch is at the core of maintaining a peaceful and democratic society. The judicial branch

---

4. According to the long-range strategic plan,

The long-range issues are high priority strategic areas presenting significant challenges that must be addressed over the long term in order to move toward fulfilling the vision and mission [of the Judicial Branch].

The Florida Supreme Court Task Force on Judicial Branch Planning, The Long-Range Strategic Plan for the Florida Judicial Branch 2009-2015, 2 (on file with Office of State Court Adm'r).

must consistently strive to maintain and improve the public's trust and confidence by: fulfilling its mission of protecting rights and liberties, upholding and interpreting the law, and providing for the peaceful resolution of disputes; and by achieving its vision of being accessible, fair, effective, responsive, and accountable to all Floridians. *Regardless of the economic and political challenges, the branch must remain steadfast in its commitment to maintain and consistently build the public's trust and confidence.*

The Florida Supreme Court Task Force on Judicial Branch Planning, The Long-Range Strategic Plan for the Florida Judicial Branch 2009-2015, 20 (on file with Office of State Court Adm'r).

According to the long-range strategic plan, "[s]urvey respondents in 2008 reported higher levels of trust and confidence in Florida's courts than did respondents to a survey in 1996." However, the plan goes on to recognize that despite the strides that the branch has made in improving the public's trust and confidence,

confusion still exists among the public about the role, purposes, and function of courts, and a compelling need remains to better educate and inform the public about the role and accomplishments of the branch, according to recent survey findings. Effective public education about the courts helps to better inform the public and positively shape public perception and understanding of the judicial branch. These ongoing efforts are vitally important to enhancing public trust and confidence. . . .

To fulfill its mission and achieve its vision, the judicial branch must perform its duties with impartiality, integrity, and honesty. Additionally, the courts' performance must be perceived to be fair and free from systemic bias, particularly concerning race. . . .

Finally, the State Courts System can enhance public trust and confidence by maintaining the highest standards of accountability for

- 5 -

its use of public resources, adhering to statutory and constitutional mandates, and continuing to improve its overall performance. *The State Courts System should inform the public, demonstrate transparency, and ultimately maintain and build the public's trust and confidence by regularly and accurately reporting on its use of resources and its accomplishments.*

Id. The strategies identified in issue number 5 of the long-range plan are just some of the ways that the judicial branch as a whole can instill public trust and confidence. This Court and the Chief Justice have a separate, yet concomitant, obligation as the head of the judicial branch to identify and implement additional strategies to ensure the public trust.[5]

Presiding judges wearing different colored robes or robes with varying embellishments could result in uncertainty for those coming before our courts and

---

5. According to the long-range strategic plan, it is:

intended to assist the Supreme Court of Florida and the chief justice of Florida in leading the State Courts System as well as the judicial branch. In addition to exercising direct control over the administration of the State Courts System, the supreme court and the chief justice provide leadership and direction within the broader justice system. The supreme court makes rules governing the courts and the legal profession, oversees the regulation of lawyers and the admission of new lawyers into the practice of law, imposes judicial discipline based upon recommendations by the Judicial Qualifications Commission, and provides critical oversight over other aspects of the justice system. Therefore, within this plan some goals and strategies are explicitly directed to the State Courts System, and others are addressed more broadly to the overall justice system.

The Long-Range Strategic Plan for the Florida Judicial Branch 2009-2015, at 2.

serve to counter the efforts the branch has employed to gain the public's trust. For example, one could question whether there is a "status" attributed to the varying colors or embellishments worn by different judges, e.g., whether the color or embellishment denotes a rank of judge based on tenure, ability, or some other factor—is this judge more or less qualified or maybe the chief judge? Depending on the color or pattern of the robe or the type of embellishment worn, some may wonder whether the presiding judge is a "real judge" or whether the judge will take the proceedings seriously. Robe color also could be seen as a reflection of a judge's mood or attitude that day. Should a defendant facing the death penalty feel trepidation when the presiding judge appears in a red robe or feel more at ease when the robe is green? The possibility that the unique attire of the judge assigned to one's case could raise these concerns and thereby diminish public trust and confidence in the proceedings is not acceptable.

The public should not have to guess as to the meaning of different colored, patterned, or embellished robes. Promoting uniformity in judicial attire, by requiring all judges to wear unembellished, solid black robes, will no doubt avoid these concerns and promote public trust and confidence. The people of Florida have a right to expect equal justice every day, in every court in this state, and should not have to question whether equal justice is being dispensed based on the color of a judge's robe.

It is also reasonable for the people of Florida to expect the members of their judiciary to conduct themselves as professionals consistent with the rules and guidelines adopted by this Court. We have no doubt that the clear majority of judges conduct themselves in the most exemplary manner and hold themselves to the highest of standards, and would do so without any rules governing their conduct or attire. Unfortunately, that is not the case with all judges. One need only read the myriad opinions from this Court disciplining judges after a finding of misconduct by the Judicial Qualifications Commission to agree that this Court must provide guidance when it identifies an area of potential concern. Adopting new rule 2.340 is but another step this Court takes in furtherance of its oversight and leadership role in identifying and implementing strategies to enhance the public trust and confidence in the third branch of government.

Accordingly, we amend the Florida Rules of Judicial Administration as reflected in the appendix to this opinion. The new language is indicated by underscoring. The new rule shall become effective immediately upon the release of this opinion.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, and PERRY, JJ., concur.
CANADY, J., concurs in result.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Judicial Administration

Honorable Merrilee Ehrlich, Broward County Circuit Judge, 17th Judicial Circuit, Fort Lauderdale, Florida; Honorable Robert Eugene Belanger, Circuit Judge, 19th Judicial Circuit, Fort Pierce, Florida; Honorable David L. Tobin, Retired Circuit Judge, Miami, Florida; James Byington McAfee, Jr., Richmond Virginia; Honorable William David Palmer, President, Conference of District Court of Appeal Judges, Daytona Beach, Florida; Honorable Jeffrey J. Colbath, Chair, Florida Conference of Circuit Judges; West Palm Beach, Florida; and Honorable Claude Robert Hilliard, President, Conference of County Court Judges of Florida, Milton, Florida,

  Responding with Comments

# APPENDIX

## PART. III   JUDICIAL OFFICERS

**\* \* \***

## RULE 2.340          JUDICIAL ATTIRE

During any judicial proceeding, robes worn by a judge must be solid black with no embellishment.